1  James E. Whitmire, Esq. (NSBN 6533)
   SANTORO WHITMIRE
2  10100 W. Charleston Blvd., Suite 250
   Las Vegas, Nevada 89134
3  Telephone: (702) 948-8771
   jwhitmire@santoronevada.com
4
   Ryan J. Works, Esq. (NSBN 9224)
5  Amanda M. Perach, Esq. (NSBN 12399)
   McDONALD CARANO LLP
6  2300 West Sahara Avenue, Suite 1200
   Las Vegas, Nevada 89102
7  Telephone: (702) 873-4100
   rworks@mcdonaldcarano.com
8  aperach@mcdonaldcarano.com

9  *Attorneys for John Kindt*

10               **UNITED STATES BANKRUPTCY COURT**

11                **FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| 12  In re | **Lead Case No.:** 22-10456-nmc **Chapter 11** |
| 13  NATIONAL TRANSPORTATION INC., | |
| 14  ☒        Affects this Debtor. | **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO FRBP 9019** |
| 15 | |
| 16 | **Date of Hearing:  June 1, 2022 Time of Hearing:  9:30 a.m.** |
| 17  In re: | **Jointly Administered with:** |
| 18  NTI GROUND TRANS INC., | Case No.: 22-10458-nmc Chapter 11 |
| 19  ☒        Affects this Debtor. | |
| 20 | |
| 21  In re: | Case No.: 22-10459-nmc Chapter 11 |
| 22  NTI-CA INC., | |
| 23  ☒        Affects this Debtor. | |
| 24  In re: | Case No.: 22-10460-nmc Chapter 11 |
| 25  NTI-NV INC., | |
| 26  ☒        Affects this Debtor. | |

27       John Kindt ("Kindt"), James Gleich ("Gleich"), National Transportation, Inc. ("National

28  Transportation"), NTI-CA, Inc. ("NTI-CA"), NTI-NV, Inc. ("NTI-NV") and National Ground

*(left margin, vertical text)* McDONALD CARANO  2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102 PHONE 702.873.4100 • FAX 702.873.9966

Transport Inc. ("NTI-Ground") (collectively, the "Debtors"), by and through their respective undersigned counsel, hereby respectfully submit this joint motion (the "Motion") requesting entry of an order approving the settlement agreement (the "Settlement Agreement") attached hereto as **Exhibit "1,"**[1] entered into by and between Kindt, Gleich, 7235 Investments LLC ("7235"), Booty Green, LLC ("BG") and the Debtors (the "Parties") pursuant to Bankruptcy Rule 9019[2] and authorizing the Parties to take any and all actions necessary to effectuate the terms of the Settlement Agreement.

This Motion is made and based on the following memorandum of points and authorities, the pleadings, papers, and other records on file with the Court, judicial notice of which is hereby requested, and the argument of counsel entertained by the Court at the time of the hearing of the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION, VENUE, AND BASIS FOR RELIEF

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for the relief sought herein arises from Bankruptcy Rules 1017 and 9019 and 11 U.S.C. § 1112.

3. Pursuant to Local Rule 9014.2, the Parties consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Settlement Agreement.

[2] All references to "Chapter" and "Section" hereinafter are to title 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"); all references to a "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada.

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

4825-6013-5006, v. 4

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

## II.    FACTS

1.    On January 26, 2022 a complaint was filed in the Eighth Judicial District Court ("EDJC"), case number: A-22-847278-B (the "Lawsuit").

2.    On February 10, 2022, each of the Debtors filed voluntary Chapter 11 bankruptcy petitions in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court"), Case Nos. 22-10456-nmc, 22-10458-nmc, 22-10459-nmc, and 22-10460-nmc (collectively the, "Bankruptcy Cases").

3.    On February 24, 2022 the Lawsuit was removed to the Bankruptcy Court, as Adversary Case No. 22-01041-nmc (the "Adversary").

4.    Significant disputes exist amongst the Parties to the Lawsuit, the Bankruptcy Cases, the Adversary, and other matters currently pending before this Bankruptcy Court.

5.    Indeed, the Bankruptcy Cases have remained pending for more than three (3) months now, with disputes over authority, ownership and representation, resulting in an ostensible stalemate.

6.    As a result, on April 27, 2022 at a series of continuing hearings convened at 9:30 a.m., the Bankruptcy Court ordered the parties to a settlement conference.

7.    Kindt and Gleich, individually, as 45% shareholders of National Transportation, as officers and/or directors, and on behalf of the respective subsidiary Debtor entities, NTI-NV, NTI-CA and NTI-GT, participated in a settlement conference on May 4, 2022 and continuing through May 6, 2022.  Each was represented by counsel throughout the settlement conference, with the Honorable Judge Gary Spraker presiding.

8.    As a result of the settlement conference they have settled, subject to a final order from this Court approving the attached Settlement Agreement in its entirety, and authorizing the Parties to take all actions reasonable and necessary under the circumstances to effectuate the terms therein.

## III.    TERMS OF SETTLEMENT

1.    7235 will disclaim any ownership in the Debtors, and will receive a release pursuant to the Settlement Agreement, and as set forth in **Exhibit A** thereto.

4825-6013-5006, v. 4

2.      National Transportation will transfer 90% of its membership interests in NTI-CA, NTI-GT, and NTI-NY to John Kindt and 10% of its membership interests to Booty Green.  National Transportation will transfer 100% of its membership interests in NTI-NV to Gleich, by unanimous written consent resolution of National Transportation.  A form of the unanimous written consent of the shareholders is attached to the Settlement Agreement as **Exhibit B**.

3.      The Adversary will be dismissed, *without prejudice*. A form of the Stipulation to Dismiss Adversary Complaint *Without Prejudice* is attached to the Settlement Agreement as **Exhibit C**.

4.      National Transportation, NTI-CA and NTI-Ground will have their bankruptcy cases dismissed, *without prejudice*.  A form Stipulation to Dismiss Chapter 11 Bankruptcy Cases of National Transportation, NTI-CA and NTI Ground is attached to the Settlement Agreement as **Exhibit D**.

5.      There are no releases being given other than those releases between 7235 releases described in the Settlement Agreement. Other than 7235, the Parties otherwise reserve all rights.

IV.     **LEGAL ARGUMENT**

A.      *Legal Standard.*

Compromise and settlement agreements have long been an inherent component of the bankruptcy process.  *See Protective Comm. for Index Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1958) (citing *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).  The approval of compromises or settlements in bankruptcy proceedings is generally governed by Bankruptcy Rule 9019(a), which provides the following:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

Compromises are favored in bankruptcy; thus, the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in his or her sound discretion. *See In re Stein*, 236 B.R. 34, 37 (Bankr. D. Or. 1999).  The law prefers compromise "as long as the bankruptcy

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

McDONALD 🐎 CARANO

4825-6013-5006, v. 4

court amply considered the various factors that determined the reasonableness of the compromise." *Martin v. Kane (In re A & C Properties),* 784 F.2d 1377, 1381 (9th Cir. 1986). Public policy supports pretrial compromises because litigation "can occupy a court's docket for years on end, depleting resources of the parties and the taxpayers while rendering meaningful relief elusive." *In re Grau*, 267 B.R. 896, 899 (Bankr. S.D. Fla. 2001) (quoting *Matter of Munford, Inc.,* 97 F.3d 449, 455 (11th Cir. 1996)).

The United States Supreme Court has expressed that a bankruptcy settlement must be fair and equitable. *See Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). The Ninth Circuit Court of Appeals has enunciated that "in order to determine whether a proposed settlement is fair and equitable, the bankruptcy court must consider four factors: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *See In re Stein*, 236 B.R. at 37; *see also In re A & C Properties*, 784 F.2d at 1381; *Schmitt v. Ulrich*, 215 B.R. 417, 421 (B.A.P. 9th Cir. 1997). A trustee is not necessarily required to satisfy each of these factors as long as the factors as a whole favor approving the settlement. *See In re Pacific Gas and Electric Co.*, 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004); *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002). Further, the settlement does *not* have to be the best the trustee could have possibly obtained; rather, the settlement must only fall "within the reasonable range of litigation possibilities." *See In re Adelphia Comm. Corp.,* 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing *In re Penn Cent. Transp. Co.,* 596 F.2d 1102, 1114 (3d Cir. 1979) ("Indeed, a court may approve a settlement even if it believes that the Trustee ultimately would be successful.")).

There is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion—and the bankruptcy court will not be reversed if the appellate court concludes that the settlement lies within that range. *See id.* (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The bankruptcy court "need not conduct an independent

4825-6013-5006, v. 4

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

1    investigation into the reasonableness of the settlement but must only 'canvass the issues and see

2    whether the settlement falls below the lowest point in the range of reasonableness.'" *See id.* (citing

3    *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); *see also Ars Brook, LLC v. Jalbert (In re*

4    *Servisense.com, Inc.)*, 382 F.3d 68, 71-72 (1st Cir. 2004); *In re Energy Cooperative, Inc.*, 886 F.2d

5    921, 929 (7th Cir. 1989); New Concept Housing, Inc. v. Poindexter et al. (In re New Concept

6    Housing, Inc.), 951 F.2d 932, 938 (8th Cir. 1991).

7    **B.    *The Settlement Agreement Should Be Approved Pursuant to Fed. R. Bank. P.***
      ***9019.***

8

9    For the reasons set forth below, the *A & C Properties* factors support a finding that the

10   Settlement Agreement is fair and reasonable and in the best interest of the estate.  Accordingly, this

11   Court should grant this Motion and approve the Settlement Agreement.

12   Here, the Adversary is in its infancy, such that the probability of success is difficult to

13   determine.  Although each of the Parties to the Adversary have expressed the strengths of their claims

14   for relief, the success of the litigation may have very little to do with creditor recoveries in the

15   Bankruptcy Cases.  Thus, dismissal without prejudice of the Adversary is warranted at this time, so

16   that the Parties can focus on their respective companies.

17   Second, the difficulties to be encountered in the matter of collection may be significant if the

18   instant Settlement Agreement is not approved.  The Adversary, and these Bankruptcy Cases are

19   extraordinarily complicated from a corporate governance standpoint.

20   Third, the inconvenience, expense and delay attendant to these matters will likely result in

21   liquidation, meaning collection for the benefit of creditors is unlikely.  With approval of the

22   Settlement Agreement, NTI-NV will remain in Bankruptcy, and the other Debtors will be dismissed,

23   returning creditors to their state court rights, and remedies.  The Settlement Agreement resolves the

24   ownership and control disputes between Kindt and Gleich, such that they can each then focus on

25   their respective companies.

26   As to the final A&C factor, the paramount interest of the creditors and a proper deference to

27   their reasonable views in the premises is satisfied by the FRBP 9019 Motion, which will be noticed

28   on all creditors, of all of the Debtors' respective estates.  Several of the most significant creditors

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

4825-6013-5006, v. 4

1  have attended the hearings on the matters to be resolved in the Settlement Agreement, and have yet

2  to raise any objections to the proposed resolution before the Court.  Indeed, it appears that this is the

3  only pathway to recoveries for creditors, such that approval is warranted.

4  **V.    CONCLUSION**

5       Based on the foregoing, Kindt and the Debtors respectfully request that the Court enter the

6  order granting the *Joint Motion To Approve Settlement Agreement Pursuant To FRBP 9019*, and the

7  attached Settlement Agreement (and exhibits).  *See* **Exhibit 1**.

8       DATED this 20th day of May, 2022.

9         McDONALD CARANO LLP

10  By: */s/ Ryan J. Works*
    Ryan J. Works, Esq. (NSBN 9224)

11      Amanda M. Perach, Esq. (NSBN 12399)
    2300 West Sahara Avenue, Suite 1200

12      Las Vegas, Nevada 89102
    rworks@mcdonaldcarano.com

13      aperach@mcdonaldcarano.com

14      James E. Whitmire, Esq. (NSBN 6533)
    SANTORO WHITMIRE

15      10100 W. Charleston Blvd., Suite 250
    Las Vegas, Nevada 89134

16      jwhitmire@santoronevada.com

17      *Attorneys for John Kindt*

18

19        DAVID J. WINTERTON & ASSOCIATES, LTD.

20  By: */s/ David Winterton*
    David J. Winterton, Esq. (NSBN 4142)

21      7881 W. Charleston Blvd., Suite 220
    Las Vegas, Nevada 89117

22      david@davidwinterton.com

23      *Proposed Counsel for NTI-NV*

24        JOHNSON & GUBLER, P.C.

25  By: */s/ Matthew L. Johnson*
    Matthew L. Johnson

26      8831 West Sahara Avenue
    Las Vegas, Nevada 89117

27      annabelle@mjohnsonlaw.com

28      *Attorneys for James Gleich and Marc Jacobi*

4825-6013-5006, v. 4

# EXHIBIT 1

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is made and entered into this __ day of May, 2022 (the "Effective Date") by and among John Kindt ("Kindt"), James Gleich ("Gleich"), Marc Jacobi ("Marc Jacobi"), Booty Green, LLC ("Booty Green"), National Transportation Inc. ("National Transportation"), NTI Ground Trans Inc. ("NTI Ground"), NTI-CA Inc. ("NTI-CA"), NTI-NV Inc. ("NTI-NV") and 7235 Investments LLC ("7235"). Each of the above may be referred to, collectively, as the ("Parties") or individually each a ("Party").

## RECITALS

A.      On February 10, 2022, National Transportation, Inc., NTI Ground, NTI-CA and NTI-NV (the "Debtors") filed voluntary Chapter 11 bankruptcy petitions in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court"), Case Nos. 22-10456-nmc, 22-10458-nmc, 22-10459-nmc, and 22-10460-nmc (collectively the, "Bankruptcy Cases").

B.      On January 26, 2022 a complaint was filed in the Eighth Judicial District Court ("EDJC"), case number: A-22-847278-B (the "Lawsuit").

C.      On February 24, 2022 the Lawsuit was removed to the Bankruptcy Court, as Adversary Case No. 22-01041-nmc (the "Adversary").

D.      The Parties desire to settle and resolve certain disputes between and among the Parties.

E.      NOW, THEREFORE, in consideration of the mutual promises, conditions, and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge, the Parties incorporate the above recitals by this reference and, intending to be legally bound, agree as follows:

## AGREEMENT

1.      Recitals.  The Parties hereby stipulate and agree that the foregoing recitals are true and correct in all respects and are incorporated herein by this reference.

2.      Effective Date.  Except as otherwise provided herein, this Agreement shall become effective upon approval by the United States Bankruptcy Court, District of Nevada.

3.      Settlement Terms.

        (a)      7235 will disclaim any ownership in the Debtors, with releases to be provided to 7235, attached hereto as **Exhibit A**.

        (b)      National Transportation Inc. will transfer 90% of its ownership interests in NTI-CA, NTI Ground, and NTI-NY to John Kindt and 10% of its ownership interests to Booty Green.  National Transportation will transfer 100% of its ownership interests in NTI-NV to Jim

Gleich, by unanimous written consent resolution of National Transportation.  A form of the unanimous written consent resolution is attached hereto as **Exhibit B**.

(c)    Upon receipt of the 7235 settlement documents, and the corporate resolutions and resignations set forth herein, the Adversary will be dismissed, *without prejudice*, each Party reserving all rights, claims and defenses.  A form of the stipulated dismissal is attached hereto as **Exhibit C**.

(d)    National Transportation Inc., NTI-CA and NTI Ground will have their bankruptcy cases dismissed, *without prejudice*.  A form stipulation for dismissal of National Transportation, NTI-CA and NTI Ground is attached hereto as **Exhibit D**.

(e)    Alcocer and Apostrophe have certain licenses, contracts and/or property rights that are integral to the operations of NTI-CA and NTI Ground.  The Parties will cooperate with resolving any issues with these entities, their assets, and their value to the NTI-CA and NTI Ground entities.

4.    <u>Releases.</u>  There are no releases being exchanged under this Agreement, except for the 7235 release described herein.

5.    <u>Resignation of Officers and Directors.</u>  Mr. Kindt will resign as an officer and director of NTI-NV effective immediately.  Mr. Jacobi, Mr. Gleich and Mr. Nolan will resign as an officer and director of National Transportation Inc, NTI-NV, NTI-CA and NTI Ground, immediately.

6.    <u>Employment of Debtor's Counsel.</u> Mr. Kindt will withdraw all objections to the application for the employment of Mr. Winterton under NTI-NV.

7.    <u>Representations and Warranties.</u>  Each Party hereby represents and warrants to the other Parties as follows:

(a)    Each Party represents and warrants that (i) the execution of this Agreement by such Party has been duly approved and authorized by all necessary company, partnership or corporate action, as applicable; (ii) the person executing the Agreement on behalf of such Party is duly authorized to execute this Agreement; (iii) upon the execution and delivery of this Agreement by such person, this Agreement shall be binding upon such Party; and (iv) no other approvals or consents are necessary in connection with the execution and delivery of this Agreement by such Party.

(b)    This Agreement has been duly executed and delivered by each Party and constitutes a legal, valid and binding obligation of the Parties and this Agreement constitutes a legal, valid and binding obligation of the Parties, is enforceable against each Party in accordance with its terms.

8.    <u>Duty to Cooperate.</u>  The Parties agree to cooperate in good faith to do such acts including the execution of any and all documents, resolutions, stipulations, dismissals, instruments, and papers necessary to carry out the intent of this Agreement, in addition to providing access to

books, records, Bill.com; Oracle to facilitate each Party's continuation of their respective businesses.

9.    <u>Judge Spraker's Retained Jurisdiction.</u>  Should any dispute arise between the parties concerning this Agreement, the parties will first bring the matter to Judge Spraker's attention, who retains jurisdiction to attempt to facilitate resolution of the parties disputes.  Judge Spraker will not act as an arbitrator of final decision maker.

10.    <u>Independent Counsel</u>.  The Parties represent and warrant that they have been advised that they should be represented by counsel of their own choosing in the preparation and analysis of this Agreement, that they have been represented by their own independent counsel and that they have read this Agreement and believe that they are fully aware of and understand the contents hereof and the legal effect.  The Parties further represent and warrant that they have entered into this Agreement voluntarily and with the approval and advice of their counsel.

11.    <u>Attorneys' Fees</u>.  In the event of any litigation among the Parties, including any appeals, in connection with or arising out of any material breach of this Agreement, the prevailing Party shall recover all of its costs and expenses, including expert fees, and reasonable attorneys' fees actually incurred which shall be determined and fixed by the court as part of the judgment. The Parties covenant and agree that they intend by this section for the prevailing Party to recover for such reasonable attorneys' fees as the court may determine were actually and necessarily incurred by the prevailing Party.  The prevailing Party is the one who succeeds on any litigation's most substantial issue.

12.    <u>Miscellaneous</u>.

(a)    <u>No Admissions</u>. The Parties intend that neither anything contained in this Agreement, nor any Party's performance of its obligations to the same, shall be deemed to be an admission or acknowledgment of liability, the existence of damages, or the amount of any damages relating to any part of the subject matter of this Agreement.

(b)    <u>Applicable Law and Venue</u>.  This Agreement shall, in all respects, be governed by the laws of the State of Nevada applicable to agreements executed and any action or proceeding filed, instituted or initiated to enforce, construe, or challenge this Agreement or any of the terms contained herein may only be filed or initiated in Clark County, Nevada.  The Parties hereby submit themselves exclusively to the jurisdiction of the courts of the State of Nevada and waive any defense to venue that could otherwise be asserted therein.

(c)    <u>Severability</u>.  If any provision of this Agreement, or any portion of any provision, shall be deemed invalid or unenforceable by a court of competent jurisdiction for any reason whatsoever, such invalidity or unenforceability shall not affect the enforceability and validity of the remaining provisions hereof.

(d)    <u>Modifications or Amendments</u>.  No amendment, change or modification of this Agreement shall be valid, unless in writing and signed by all of the Parties.

(e)    <u>Successors and Assigns</u>.  All of the terms and provisions contained herein shall inure to the benefit of and shall be binding upon the Parties and their respective heirs, legal

representatives, successors and assigns.

(f)    <u>Entire Agreement</u>.  This Agreement constitutes the entire understanding and agreement of the Parties with respect to its subject matter and any and all prior agreements, understanding or representations with respect to its subject matter are hereby terminated and canceled in their entirety and are of no further force or effect.

(g)    <u>Non-Waiver</u>.  No waiver by any Party hereto of a breach of any provision of this Agreement shall constitute a waiver of any preceding or succeeding breach of the same or any other provision hereof.

(h)    <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

(i)    <u>Number and Gender</u>.  In this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so requires.

(j)    <u>Captions and Headings</u>.  The captions and headings appearing at the commencement of the sections hereof are descriptive only and for convenience in reference.

(k)    <u>Interpretation</u>.  This Agreement is the result of negotiations among the Parties who have each negotiated and reviewed its terms.  No Party shall be deemed to be the drafter for purposes of interpreting any ambiguity or uncertainty in this Agreement against that Party.

(l)    Venue.    The Venue for any dispute in this matter under this Agreement is the United States Bankrutpcy Court for the District of Nevada.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement on the dates set forth adjacent to their names.

**John Kindt, an individual,**                          **Booty Green, LLC, a Nevada Corporation,**

Signed: _____          Signed: _____

Name Printed: _____          Name Printed: _____

Date: _____          Title: _____

                                                                         Date: _____

**James Gleich, an individual,**

Signed: _____

Date: _____

**National Transportation Inc., a Nevada corporation,**

Signed: _____

Name Printed: _____

Title: _____

Date: _____

**NTI-CA Inc, a Nevada corporation,**

Signed: _____

Name Printed: _____

Title: _____

Date: _____

**7235 Investments LLC, a Texas limited liability company,**

Signed: _____

Name Printed: _____

Title: _____

Date: _____

**Marc Jacobi, an individual,**

Signed: _____

Date: _____

**NTI Ground Trans Inc., a Nevada corporation,**

Signed: _____

Name Printed: _____

Title: _____

Date: _____

**NTI-NV, a Nevada corporation,**

Signed: _____

Name Printed: _____

Title: _____

Date: _____

## EXHIBIT A

## RELEASE AGREEMENT

## RELEASE AGREEMENT

FOR VALUABLE CONSIDERATION HEREBY ACKNOWLEDGED, John Kindt, Booty Green, LLC, James Gleich, National Transportation Inc., NTI-CA Inc., NTI Ground Transport Inc., and NTI- NV Inc. (hereinafter referred to as "Releasors") do forever release, discharge and hold harmless 7035 Investments LLC ("7035") from any and all claims, cross claims, demands, counterclaims, third-party claims, demands for sums of money, actions, rights, causes of actions, obligations and liabilities of any kind or nature whatsoever, now existing or which may hereafter accrue, contingent or otherwise, whether known or unknown, including without limitation those claims asserted, or which could have been asserted (compulsorily or permissively) relating to or in connection with the purported transfer of stock in National Transportation, Inc., NTI-CA Inc., NTI Ground Transport Inc. and/or NTI-NV Inc.

This release is given in exchange for 7035 acknowledging, by its signature below, that it has no ownership interest in any of the Releasors, nor has it ever owned any stock in any of the Releasors. This release is to be approved by the U.S. Bankruptcy Court, District of Nevada, in connection with a Motion for Approval of a Settlement Agreement, under Federal Rule of Bankruptcy Procedure 9019 ("Motion"). This release is effective on approval of the Motion, as set forth therein and applies to 7035 only. The parties to this release make no admissions of liability by signing below.

Signed this ___ day of _____, 2022.

**John Kindt, an individual,**

Signed:_____

Name Printed:

_____

Date: _____

**James Gleich, an individual,**

Signed: _____

Name Printed:_____

Date: _____

**Booty Green, LLC, a Nevada Corporation,**

Signed: _____

Name Printed:_____

Title: _____

Date: _____

**7035 Investments, LLC, a Texas limited liability company**

Signed: _____

Name Printed:_____

Title: _____

**National Transportation Inc., a Nevada corporation,**

Signed: _____

Name Printed: _____

Title: _____

Date: _____

**NTI-CA Inc., a Nevada corporation,**

Signed: _____

Name Printed: _____

Title: _____

Date: _____

**NTI Groundtrans Inc., a Nevada corporation,**

Signed: _____

Name Printed: _____

Title: _____

Date: _____

**NTI-NV Inc., a Nevada corporation,**

Signed: _____

Name Printed: _____

Title: _____

Date: _____

**<u>EXHIBIT B</u>**

**<u>UNANIMOUS WRITTEN CONSENT OF THE SHAREHOLDERS OF NATIONAL TRANSPORTATION INC., A NEVADA CORPORATION</u>**

## UNANIMOUS WRITTEN CONSENT OF THE SHAREHOLDERS OF
## NATIONAL TRANSPORTATION INC., A NEVADA CORPORATION

May ___, 2022

The undersigned, being all of the shareholders of **NATIONAL TRANSPORTATION INC.,** a Nevada corporation (the "Corporation"), hereby consent to the following actions and adopt the following resolutions.

**WHEREAS**, John Kindt ("Kindt") is the legal owner of 45.00% of stock in the Corporation.

**WHEREAS**, James Gleich ("Gleich") is the legal owner of 45.00% of stock in the Corporation.

**WHEREAS,** Booty Green LLC is a 10.00% shareholder in the Corporation.

**WHEREAS**, Kindt, Gleich and Booty Green LLC comprise 100% of the legal owners and shareholders of the Corporation.

**WHEREAS,** the Corporation owns 100% of the stock in NTI-CA Inc., a Nevada corporation ("NTI-CA"), NTI-NV Inc., a Nevada corporation ("NTI-NV"), NTI-NY Inc., a Nevada corporation ("NTI-NY") and National Ground Transport Inc., a Nevada corporation ("NTI-GT").

**WHEREAS,** by virtue of an Order Approving Settlement Agreement under FRBP 9019, approved by the United States Bankruptcy Court, District of Nevada, attached hereto, and incorporated herein by this reference (the "Order"), Kindt, Gleich and Booty Green LLC desire to effectuate a transfer of the stock in each of the Subsidiary entities as set forth below.  Each of the parties acknowledges that valuable consideration has been given for the transactions set forth below.

**NOW THEREFORE IT IS RESOLVED**, that by unanimous consent of the above shareholders of the Corporation, the Corporation hereby transfers its 100% legal ownership in NTI-CA, NTI-NY and NTI-GT, 90% to Kindt, 10% to Booty Green LLC.

**NOW THEREFORE IT IS RESOLVED**, that by unanimous consent of the above shareholders of the Corporation, the Corporation hereby transfers its 100% legal ownership in NTI-NV to Gleich.

/ / /

**IN WITNESS WHEREOF**, the undersigned, who are all of the shareholders of the Corporation, have executed this Unanimous Written Consent of the Shareholders of National Transportation Inc., as of the date first written above.

Shareholders:

_____
John Kindt

_____
James Gleich


BOOTY GREEEN LLC,

_____
By

Its: _____

**<u>EXHIBIT C</u>**

**<u>STIPULATION TO DISMISS ADVERSARY CASE WITHOUT PREJUDICE</u>**

James E. Whitmire, Esq. (NSBN 6533)
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89134
Telephone: (702) 948-8771
jwhitmire@santoronevada.com

Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Attorneys for John Kindt*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>NATIONAL TRANSPORTATION INC.,<br><br>☒　　　　Affects this Debtor. | **Lead Case:**<br><br>Case No.: 22-10456-nmc<br>Chapter 11 |
| In re:<br><br>NTI GROUND TRANS INC.,<br><br>☒　　　　Affects this Debtor. | **Jointly Administered with:**<br><br>Case No.: 22-10458-nmc<br>Chapter 11 |
| In re:<br><br>NTI-CA INC.,<br><br>☒　　　　Affects this Debtor. | Case No.: 22-10459-nmc<br>Chapter 11 |
| In re:<br><br>NTI-NV INC.,<br><br>☒　　　　Affects this Debtor. | Case No.: 22-10460-nmc<br>Chapter 11 |

| | |
|---|---|
| JOHN KINDT, individually and derivatively on behalf of Nevada Transportation, Inc., NTI-NV Inc.; NTI-CA Inc.; NTI-GROUNDTRANS Inc; and NTI-NY, Inc.; Apostrophe, Inc.; and Alcocer, Inc., <br><br> Plaintiff, <br> vs. <br><br> T.J. PANTALEO; JAMES GLEICH; MARC JACOBI; NATIONAL GROUND TRANSPORTATION, INC. and DOES I to XV, <br><br> Defendants. | Adversary Case No.:  22-01041-nmc <br><br> **STIPULATION TO DISMISS ADVERSARY COMPLAINT WITHOUT PREJUDICE** |

John Kindt, James Gleich, Marc Jacobi, National Transportation, Inc., NTI-NV Inc., NTI-CA Inc., NTI-Ground trans Inc., NTI-NY Inc., Aprostrophe, Inc. and Alcocer, Inc., by and through their undersigned counsel, hereby stipulate that the above-captioned matter shall be dismissed *without prejudice*, each party to bear his/its own costs and attorneys' fees.

**IT IS SO STIPULATED AND AGREED.**

DATED this __th day of _____, 2022.

McDONALD CARANO LLP

By: _____
    Ryan J. Works, Esq. (NSBN 9224)
    Amanda M. Perach, Esq. (NSBN 12399)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    rworks@mcdonaldcarano.com
    aperach@mcdonaldcarano.com

*Attorneys for John Kindt*

JOHNSON & GUBLER, P.C.

By:_____
    Matthew L. Johnson, Esq. (NSBN 6004)
    8831 W. Sahara Avenue
    Las Vegas, Nevada 89117
    mjohnson@mjohnsonlaw.com

*Counsel for Jim Gleich*

DAVID J. WINTERTON & ASSOCIATES, LTD.

By:_____
    David J. Winterton, Esq. (NSBN 4142)
    7881 W. Charleston Blvd., Suite 220
    Las Vegas, Nevada 89117
    david@davidwinterton.com

*Proposed Counsel for NTI-NV*

**EXHIBIT D**

**STIPULATION TO DISMISS CHAPTER 11 BANKRUPTCY CASES**

Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

James E. Whitmire, Esq. (NSBN 6533)
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89134
Telephone: (702) 948-8771
jwhitmire@santoronevada.com

*Attorneys for John Kindt*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>NATIONAL TRANSPORTATION INC.,<br><br>☒  Affects this Debtor. | **Lead Case:**<br><br>Case No.: 22-10456-nmc<br>Chapter 11<br><br>**STIPULATION TO DISMISS CHAPTER 11 BANKRUPTCY CASES OF NATIONAL TRANSPORTATION INC., NTI GROUND TRANS INC. and NTI-CA INC.** |
| In re:<br><br>NTI GROUND TRANS INC.,<br><br>☒  Affects this Debtor. | **Jointly Administered with:**<br><br>Case No.: 22-10458-nmc<br>Chapter 11 |
| In re:<br><br>NTI-CA INC.,<br><br>☒  Affects this Debtor. | Case No.: 22-10459-nmc<br>Chapter 11 |
| In re:<br><br>NTI-NV INC.,<br><br>☒  Affects this Debtor. | Case No.: 22-10460-nmc<br>Chapter 11 |

National Transportation Inc. ("National Transportation"), NTI Ground Trans Inc. ("NTI-Ground"), NTI-CA Inc. ("NTI-CA") and NTI-NV Inc. ("NTI-NV") (collectively "Debtors"), John Kindt ("Kindt") and Jim Gleich ("Gleich"), individually and on behalf of their respective entities, by and through their undersigned counsel of record, hereby stipulate that the Chapter 11 Bankruptcy Cases of National Transportation Inc., NTI-CA and NTI-Ground shall be dismissed *without prejudice*. The cases will then no longer need to be jointly administered and the NTI-NV Inc. bankruptcy will remain the same for sole debtor NTI-NV-Inc. to remain in bankruptcy.

**IT IS SO STIPULATED AND AGREED.**

DATED this __th day of _____, 2022.

McDONALD CARANO LLP

By: _____
    Ryan J. Works, Esq. (NSBN 9224)
    Amanda M. Perach, Esq. (NSBN 12399)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    rworks@mcdonaldcarano.com
    aperach@mcdonaldcarano.com

    *Attorneys for John Kindt*

DAVID J. WINTERTON &
ASSOCIATES, LTD.

By: _____
    David J. Winterton, Esq. (NSBN 4142)
    7881 W. Charleston Blvd., Suite 220
    Las Vegas, Nevada 89117
    david@davidwinterton.com

    *Proposed Counsel for NTI-NV*

JOHNSON & GUBLER, P.C.

By: _____
    Matthew L. Johnson, Esq. (NSBN 6004)
    8831 W. Sahara Avenue
    Las Vegas, Nevada 89117
    mjohnson@mjohnsonlaw.com

    *Counsel for Jim Gleich*