1   DAVID J. WINTERTON, ESQ.
Nevada Bar No. 004142
2   DAVID J. WINTERTON & ASSOC., LTD.
7881 W. Charleston Blvd., Suite 220
3   Las Vegas, Nevada 89117
Telephone (702) 363-0317
4   Facsimile (702) 363-1630
david@davidwinterton.com
5   *Proposed Attorneys for Debtor*

6   **UNITED STATES BANKRUPTCY COURT**

7   **DISTRICT OF NEVADA**

8   In re:                                         )         Case No. BK-22-10456-NMC
                                                   )
9   NATIONAL TRANSPORTATION INC          )         Chapter 11
                                                   )
10                                                 )
                                                   )
11              Debtor.                            )         Hearing Date: June 1, 2022
_____)               Hearing Time: 9:30 a.m.

12

13   **DEBTOR'S SUPPORT TO APPROVE**
     **THE COMPROMISE AND SETTLEMENT AGREEMENT**

14

15          COMES NOW, National Transportation Inc. ("National Transportation"), NTI Ground

16   Trans. Inc. ("NTI Ground"), NTI-CA Inc. ("NTI-CA"), NTI-NV Inc. ("NTI-NV"), by and through

17   their proposed attorney David J. Winterton, Esq., of the law firm of David J. Winterton & Assoc.,

18   Ltd., hereby files this response in Support to approve the Compromise and Settlement Agreement.

19   The Debtors believe that the Settlement Agreement is in the best interest of the creditors and the

20   bankruptcy estate. There were a few errors in the draft of the settlement agreement that needed to

21   be clean up and there were just a few clarifications that are listed below that need to be changed.

22   This does not affect or change the deal but it is more cosmetic than material change to the

23   Settlement Agreement.  In fact these changes are to avoid confusion.

24   **A.      The Debtors Supports the Settlement Agreement**

25          The Debtors want to make it clear that they strongly support the Settlement Agreement.

26   They believe it is in the best interest of the estate and the creditors.  As part of that Support, the

27   Debtors and a number of individuals have already signed the Settlement Agreement that is attached

28                                                 1

DAVID J. WINTERTON & ASSOCIATES, LTD
7881 W. Charleston Blvd., Suite 220
Las Vegas, Nevada 89117
Phone: (702) 363-0317

1    to this reponse. (See Exhibit 1).

2    **B.    Grammatical Errors to the Agreement**

3    The errors and changes in material part are as follows:

4    1.    The Agreement states "Booty Green LLC a Nevada Corporation." You cannot have an

5    LLC be a corporation. It could be a company but not a corporation. So the entity is not

6    correct. So the name needed to be changed.

7    2.    We then check the Nevada Secretary of State "Booty Green" is not listed nor is it listed

8    with the California Secretary of State. It is not a legal entity and it could not hold any

9    interest in any of the entities. The name then had to be removed.

10    3.    Since "Booty Green" is not a correct entity, we changed the name to the individuals that

11    were the true owners of the interest which is John Gilbert, Sean Devlin, and Bradlee

12    Downs.

13    4.    There were a few typing errors that were corrected but the major error was "7035" is really

14    "7235". That is the entity that will not hold any interest in the entities and is getting

15    released.

16    5.    There has been authorization by the individual represents of the Debtor, Mr. Jacobi, and

17    Mr. Gleich. They have sent an email authorizing the use of their signature on the

18    agreement. As a result, their signature has been attached.

19    6.    The ownership of NTI-NY is incorrect. National Transportation Inc. only has a 51%

20    ownership in NTI-NY. The way it was written when the document was first sent out it

21    stated that NTI has 100% ownership in NTI-NY. This needed to be clarified that NTI only

22    has 51% of the interest and the full 51% of the ownership will go to Mr. Kindt.

23    **C.    The Settlement Agreement is in the Best Interest of the Creditors**

24    The Debtors believe that the settlement agreement is in the best interest of the creditors.

25    This settlement agreement allowed the expenses to not just be with NTI but spread with the other

26    entities too. The arguement would then be, it is not fair that the other entities bear such addition

27    expense at the cost of the other creditors. NTI is the parent company. The other entities beneifited

28    2

DAVID J. WINTERTON & ASSOCIATES, LTD
7881 W. Charleston Blvd., Suite 220
Las Vegas, Nevada 89117
Phone: (702) 363-0317

1  from the use of the funds and property. The creditors have a right to get paid by the other entities

2  that benefitted from the use of the funds or assets. It also assists in a plan of reorganization to pay

3  the various creditors.

4      There are a number of factors that caused the issues with the Debtors. This business

5  depends on transportation and when Covid hit, business decreased but the expenses did not

6  decrease that much. This created a tight financial condition. The Debtors needed a cash infusion.

7  This created a conflict among the partners. As a result, there was litigation and other issues. This

8  created an even greater hardship on the Debtor. As a result, the Debtors were forced to file

9  bankruptcy. This Settlement Agreement resolved the dispute among the partners and the princples

10  can now settle down and get back to business.

11      Litigation is very expenses and it drains the Debtors. This ends the litigation and the parties

12  will be able to focus on the restructuring the Debtor. In addition, it will stop the expense of

13  litigation for the Debtor and reserve the funds for the creditors. Each party is not giving up their

14  rights as to any potential claim in the future. If all goes well there will never be any other claims

15  to fight over.

16      In addition, there could be an argument of the loss of preferential causes of action against

17  the principles. If there are any causes of action, those actions are still reserved under state law

18  under the fraudulent conveyance causes of action so there is nothing that is lost by dismissing the

19  cases.

20      There is also an argument about a Trustee could be in place to run the business to stop the

21  fighting. First, the Trustee actually increases the costs to the estate. Second, the Trustee does not

22  have the contacts and does not have the experience that is necessary. Third, there is no need for a

23  Trustee due to the splitting up of the companies. This settlement agreement just makes logical

24  sense.

25      The last issue to address is whether or not it is in the best interest of the creditors to convert

26  the case to one under Chapter 7. The value of the assets would not pay all of the claims of the

27  creditors at this point in time. The companies have more value as an operating concern than being

28

DAVID J. WINTERTON & ASSOCIATES, LTD
7881 W. Charleston Blvd., Suite 220
Las Vegas, Nevada 89117
Phone: (702) 363-0317

3

1   shut down and closing their doors.  The best interest of the creditors is to keep the businesses

2   operating.

3   **D.       Conclusion**

4          Based upon the statement made above and the facts and circumstances in this case, we

5   would request that the settlement agreement be approved.

6          DATED this 27th day of May 2022.

7                                        DAVID J. WINTERTON & ASSOC., LTD.

8

9   BY: /s/: David J. Winterton Esq.
                                        DAVID J. WINTERTON, ESQ.
10                                      Nevada Bar No. 004142
                                        7881 W. Charleston Blvd., Suite 220
11                                      Las Vegas, Nevada 8911745
                                        (702) 363-0317

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                           4

DAVID J. WINTERTON & ASSOCIATES, LTD
7881 W. Charleston Blvd., Suite 220
Las Vegas, Nevada 89117
Phone: (702) 363-0317

# CERTIFICATE OF SERVICE

1.    On April 27, 2022 I served the following document(s):

Motion to Withdraw as Counsel of Record.

2.    I served the above-named document(s) by the following means to the persons as listed below:

**X**    **By ECF System:**
U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

___    (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the 27th day of April, 2022.

**See Attached Matrix**

☐    (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐    (FACSIMILE) That I served a true and correct copy of the above referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.


                    _/s/: Pam Todd_____
                    An employee of David J. Winterton & Assoc., Ltd.

DAVID J. WINTERTON & ASSOCIATES, LTD
7881 W. Charleston Blvd., Suite 220
Las Vegas, Nevada 89117
Phone: (702) 363-0317

5

DAVID J. WINTERTON & ASSOCIATES, LTD
7881 W. Charleston Blvd., Suite 220
Las Vegas, Nevada 89117
Phone: (702) 363-0317

EXHIBIT    1

## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is made and entered into this __ day of May, 2022 (the "Effective Date") by and among John Kindt ("Kindt"), James Gleich ("Gleich"), Marc Jacobi ("Marc Jacobi"), Bradlee Downs ("Downs"), Sean Devlin ("Devlin"), John Gilbert ("Gilbert"), National Transportation Inc. ("National Transportation"), NTI Ground Trans Inc. ("NTI Ground"), NTI-CA Inc. ("NTI-CA"), NTI-NV Inc. ("NTI-NV") and 7235 Investments LLC ("7235"). Each of the above may be referred to, collectively, as the ("Parties") or individually each a ("Party").

## RECITALS

A.     On February 10, 2022, National Transportation, NTI Ground, NTI-CA and NTI-NV (the "Debtors") filed voluntary Chapter 11 bankruptcy petitions in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court"), Case Nos. 22-10456-nmc, 22-10458-nmc, 22-10459-nmc, and 22-10460-nmc (collectively the, "Bankruptcy Cases").

B.     On January 26, 2022 a complaint was filed in the Eighth Judicial District Court ("EDJC"), case number: A-22-847278-B (the "Lawsuit").

C.     On February 24, 2022 the Lawsuit was removed to the Bankruptcy Court, as Adversary Case No. 22-01041-nmc (the "Adversary").

D.     The Parties desire to settle and resolve certain disputes between and among the Parties.

E.     NOW, THEREFORE, in consideration of the mutual promises, conditions, and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge, the Parties incorporate the above recitals by this reference and, intending to be legally bound, agree as follows:

## AGREEMENT

1.     Recitals. The Parties hereby stipulate and agree that the foregoing recitals are true and correct in all respects and are incorporated herein by this reference.

2.     Effective Date. Except as otherwise provided herein, this Agreement shall become effective upon approval by the United States Bankruptcy Court, District of Nevada.

3.     Settlement Terms.

(a)     7235 will disclaim any ownership in the Debtors, with releases to be provided to 7235 as attached hereto as **Exhibit A**

(b)     National Transportation will transfer 90% of its ownership interests in NTI-CA, NTI Ground, and NTI-NY to John Kindt and 10% of its ownership interest will remain with Bradlee Downs ("Bradlee Down"), Sean Devlin ("Sean Devlin"), John Gilbert ("John Gilbert") or

any other entity that they want to transfer their interest. National Transportation will transfer 100% of its ownership interests in NTI-NV to Jim Gleich, by unanimous written consent resolution of National Transportation. A form of the unanimous written consent resolution is attached hereto as **Exhibit B**.

(c)    Upon receipt of the 7235 settlement documents, and the corporate resolutions and resignations set forth herein, the Adversary will be dismissed, *without prejudice*, each Party reserving all rights, claims and defenses. A form of the stipulated dismissal is attached hereto as **Exhibit C**.

(d)    National Transportation, NTI-CA and NTI Ground will have their bankruptcy cases dismissed, *without prejudice*. A form stipulation for dismissal of National Transportation, NTI-CA and NTI Ground is attached hereto as **Exhibit D**.

(e)    Alcocer and Apostrophe have certain licenses, contracts and/or property rights that are integral to the operations of NTI-CA and NTI Ground. The Parties will cooperate with the documentation that will resolve any issues with these entities, their assets, and their value to the NTI-CA and NTI Ground entities.

4.    Releases. There are no releases being exchanged under this Agreement, except for the limited 7235 release described herein.

5.    Resignation of Officers and Directors. Mr Kindt will resign as an officer and director of NTI-NV effective immediately. Mr. Jacobi, Mr. Gleich, and Mr. Nolan will resign as an officer and director of National Transportation, NTI-NY, NTI-CA and NTI Ground immediately.

6.    Employment of Debtor's Counsel. Mr. Kindt will withdraw all objections to the application for the employment of Mr. Winterton under NTI-NV.

7.    <u>Representations and Warranties</u>. Each Party hereby represents and warrants to the other Parties as follows:

(a)    Each Party represents and warrants that (i) the execution of this Agreement by such Party has been duly approved and authorized by all necessary company, partnership or corporate action, as applicable; (ii) the person executing the Agreement on behalf of such Party is duly authorized to execute this Agreement; (iii) upon the execution and delivery of this Agreement by such person, this Agreement shall be binding upon such Party; and (iv) no other approvals or consents are necessary in connection with the execution and delivery of this Agreement by such Party.

(b)    This Agreement has been duly executed and delivered by each Party and constitutes a legal, valid and binding obligation of the Parties and is enforceable against each Party in accordance with its terms.

8.    <u>Duty to Cooperate</u>. The Parties agree to cooperate in good faith to do such acts including the execution of any and all documents, resolutions, stipulations, dismissals, instruments, and papers necessary to carry out the intent of this Agreement, in addition to providing access to books, records, Bill.com; Oracle to facilitate each Party's continuation of their respective businesses.

9.    <u>Judge Spraker's Retained Jurisdiction.</u>  Should any dispute arise between the parties concerning this Agreement, the parties will first bring the matter to Judge Spraker's attention, who retains jurisdiction to attempt to facilitate resolution of the parties disputes. Judge Spraker will not act as an arbitrator or final decision maker.

10.   <u>Independent Counsel</u>. The Parties represent and warrant that they have been advised that they should be represented by counsel of their own choosing in the preparation and analysis of this Agreement, that they have been represented by their own independent counsel and that they have read this Agreement and believe that they are fully aware of and understand the contents hereof and the legal effect. The Parties further represent and warrant that they have entered into this Agreement voluntarily and with the approval and advice of their counsel.

11.   <u>Attorneys' Fees</u>. In the event of any litigation among the Parties, including any appeals, in connection with or arising out of any material breach of this Agreement, the prevailing Party shall recover all of its costs and expenses, including expert fees, and reasonable attorneys' fees actually incurred which shall be determined and fixed by the court as part of the judgment. The Parties covenant and agree that they intend by this section for the prevailing Party to recover for such reasonable attorneys' fees as the court may determine were actually and necessarily incurred by the prevailing Party. The prevailing Party is the one who succeeds on any litigation's most substantial issue.

12.   <u>Miscellaneous.</u>

(a)    <u>No Admissions</u>. The Parties intend that neither anything contained in this Agreement, nor any Party's performance of its obligations to the same, shall be deemed to be an admission or acknowledgment of liability, the existence of damages, or the amount of any damages

relating to any part of the subject matter of this Agreement.

(b)     Applicable Law and Venue.  This Agreement shall, in all respects, be governed by the laws of the State of Nevada applicable to agreements executed and any action or proceeding filed, instituted or initiated to enforce, construe, or challenge this Agreement or any of the terms contained herein may only be filed or initiated in Clark County, Nevada.  The Parties hereby submit themselves exclusively to the jurisdiction of the courts of the State of Nevada and waive any defense to venue that could otherwise be asserted therein.

(c)     Severability.  If any provision of this Agreement, or any portion of any provision, shall be deemed invalid or unenforceable by a court of competent jurisdiction for any reason whatsoever, such invalidity or unenforceability shall not affect the enforceability and validity of the remaining provisions hereof.

(d)     Modifications or Amendments.  No amendment, change or modification of this Agreement shall be valid, unless in writing and signed by all of the Parties.

(e)     Successors and Assigns.  All of the terms and provisions contained herein shall inure to the benefit of and shall be binding upon the Parties and their respective heirs, legal representatives, successors and assigns.

(f)     Entire Agreement.  This Agreement constitutes the entire understanding and agreement of the Parties with respect to its subject matter and any and all prior agreements, understanding or representations with respect to its subject matter are hereby terminated and canceled in their entirety and are of no further force or effect.

(g)     Non-Waiver.  No waiver by any Party hereto of a breach of any provision of this Agreement shall constitute a waiver of any preceding or succeeding breach of the same or any other provision hereof.

(h)     Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

(i)     Number and Gender.  In this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so requires.

(j)     Captions and Headings.  The captions and headings appearing at the commencement of the sections hereof are descriptive only and for convenience in reference.

(k)     Interpretation.  This Agreement is the result of negotiations among the Parties who have each negotiated and reviewed its terms.  No Party shall be deemed to be the drafter for purposes of interpreting any ambiguity or uncertainty in this Agreement against that Party.

(l)     Venue.  The Venue for any dispute in this matter under this Agreement is

the United States Bankruptcy Court for the District of Nevada.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement on the dates set forth adjacent to their names.

**John Kindt, an individual,**

Signed:_____

Name Printed:_____

Date: _____

**7235 Investments LLC, a Texas limited liability company,**

Signed: /s/ Marc Jacobi_____

Name Printed:__Marc Jacobi_____

Title:____Agent_____

Date: _____

**James Gleich, an individual,**

Signed:__/s/James Gleich_____

Name Printed:_James Gleich_____

Date: _____

**Marc Jacobi, an individual,**

Signed:_/s/ Marc Jacobi_____

Name Printed:__Marc Jacobi_____

Date: _____

**National Transportation Inc., a Nevada corporation,**

Signed:___/s/James Gleich_____

Name Printed:_James Gleich_____

Title:_President_____

Date: _____

**NTI Ground Trans Inc., a Nevada corporation,**

Signed:___/s/James Gleich_____

Name Printed:_James Gleich_____

Title:_President_____

Date: _____

**NTI-CA Inc, a Nevada corporation,**

Signed:___/s/James Gleich_____

Name Printed:_James Gleich_____

Title:_President_____

Date: _____

**NTI-NV, a Nevada corporation,**

Signed:____/s/James Gleich_____

Name Printed:_James Gleich_____

Title:_President_____

Date: _____

**Bradlee Downs, an individual,**

Signed:_____

Name Printed:_____

Date: _____

**John Gilbert, an individual,**

Signed:_____

Name Printed:_____

Date: _____

**Sean Devlin, an individual,**

Signed:_____

Name Printed:_____

Date: _____

**EXHIBIT A**

**Release Agreement**

## RELEASE AGREEMENT

FOR VALUABLE CONSIDERATION HEREBY ACKNOWLEDGED, John Kindt, Bradlee Downs, Sean Devlin, John Gilbert, James Gleich, National Transportation Inc., NTI-CA Inc., NTI Ground Trans Inc., and NTI- NV Inc. (hereinafter referred to as "Releasors") do forever release, discharge and hold harmless 7235 Investments LLC ("7235") from any and all claims, cross claims, demands, counterclaims, third-party claims, demands for sums of money, actions, rights, causes of actions, obligations and liabilities of any kind or nature whatsoever, now existing or which may hereafter accrue, contingent or otherwise, whether known or unknown, including without limitation those claims asserted, or which could have been asserted (compulsorily or permissively) relating to or in connection with the purported transfer of stock in National Transportation, Inc., NTI-CA Inc., NTI Ground Trans, Inc. and/or NTI-NV Inc.

This release is given in exchange for 7235 acknowledging, by its signature below, that it has no ownership interest in any of the Releasors. This release is to be approved by the U.S. Bankruptcy Court, District of Nevada, in connection with a Motion for Approval of a Settlement Agreement, under Federal Rule of Bankruptcy Procedure 9019 ("Motion"). This release is effective on approval of the Motion, as set forth therein and applies to 7235 only. The parties to this release make no admissions of liability by signing below.

**John Kindt, an individual,**

Signed:_____

Name Printed:_____

Date: _____

| | |
|---|---|
| **James Gleich, an individual,** | **Marc Jacobi, an individual,** |
| Signed:   /s/James Gleich | Signed:  /s/   Marc Jacobi |
| Name Printed:  James Gleich | Name Printed:____   Marc Jacobi |
| Date: _____ | Title:____ Agent |
| | Date: _____ |

**National Transportation Inc., a Nevada corporation,**

Signed:   /s/James Gleich

Name Printed: James Gleich

Title: President

Date:

**NTI-CA Inc, a Nevada corporation,**

Signed:   /s/James Gleich

Name Printed: James Gleich

Title: President

Date:

**Bradlee Downs, an individual,**

Signed:

Name Printed:

Date:

**Sean Devlin, an individual,**

Signed:

Name Printed:

Date:

**NTI Ground Trans Inc., a Nevada corporation,**

Signed:   /s/James Gleich

Name Printed: James Gleich

Title: President

Date:

**NTI-NV, a Nevada corporation,**

Signed:   /s/James Gleich

Name Printed: James Gleich

Title: President

Date:

**John Gilbert, an individual,**

Signed:

Name Printed:

Date:

### UNANIMOUS WRITTEN CONSENT OF THE SHAREHOLDERS OF
### NATIONAL TRANSPORTATION INC., A NEVADA CORPORATION

May ___, 2022

The undersigned, being all of the shareholders of **NATIONAL TRANSPORTATION INC.**, a Nevada corporation (the "Corporation"), hereby consent to the following actions and adopt the following resolutions.

**WHEREAS**, John Kindt ("Kindt") is the legal owner of 45.00% of stock in the Corporation.

**WHEREAS**, James Gleich ("Gleich") is the legal owner of 45.00% of stock in the Corporation.

**WHEREAS,** Bradlee Downs ("Downs"), Sean Devlin ("Devlin"), John Gilbert ("Gilbert"), are is a 10.00% shareholder in the Corporation.

**WHEREAS**, Kindt, Gleich, Downs, Devlin, and Gilbert, comprise 100% of the legal owners and shareholders of the Corporation.

**WHEREAS,** the Corporation owns 100% of the stock in NTI-CA Inc., a Nevada corporation ("NTI-CA"), NTI-NV Inc., a Nevada corporation ("NTI-NV"), National Ground Trans Inc., a Nevada corporation ("NTI-Ground") and 51% of the stock in NTI-NY.

**WHEREAS,** by virtue of an Order Approving Settlement Agreement under FRBP 9019, approved by the United States Bankruptcy Court, District of Nevada, attached hereto, and incorporated herein by this reference (the "Order"), Kindt, Gleich, Downs, Devlin, Gilbert, desire to effectuate a transfer of the stock in each of the Subsidiary entities as set forth below. Each of the parties acknowledges that valuable consideration has been given for the transactions set forth below.

**NOW THEREFORE IT IS RESOLVED**, that by unanimous consent of the above shareholders of the Corporation, the Corporation hereby transfers its 100% legal ownership in NTI-CA, NTI-Ground and 51% ownership in NTI-NY, as follows to 90% Kindt and 10% equally to Downs, Devlin, and Gilbert.

**NOW THEREFORE IT IS RESOLVED**, that by unanimous consent of the above shareholders of the Corporation, the Corporation hereby transfers its 100% legal ownership in NTI-NV to Gleich.

*/ / /*

**IN WITNESS WHEREOF**, the undersigned, who are all of the shareholders of the Corporation, have executed this Unanimous Written Consent of the Shareholders of National Transportation Inc., as of the date first written above.

Shareholders:

_____

John Kindt


   /S/  James Gleich
_____
James Gleich


_____

Bradlee Downs


_____

John Gilbert


_____

Sean Devlin

**EXHIBIT C**

**STIPULATION TO DISMISS ADVERSARY CASE WITHOUT PREJUDICE**

James E. Whitmire, Esq. (NSBN 6533)
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89134
Telephone: (702) 948-8771
jwhitmire@santoronevada.com

Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Attorneys for John Kindt*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>NATIONAL TRANSPORTATION INC.,<br><br>☒　　　Affects this Debtor. | **Lead Case:**<br><br>Case No.: 22-10456-nmc<br>Chapter 11 |
| In re:<br><br>NTI GROUND TRANS INC.,<br><br>☒　　　Affects this Debtor. | **Jointly Administered with:**<br><br>Case No.: 22-10458-nmc<br>Chapter 11 |
| In re:<br><br>NTI-CA INC.,<br><br>☒　　　Affects this Debtor. | Case No.: 22-10459-nmc<br>Chapter 11 |
| In re:<br><br>NTI-NV INC.,<br><br>☒　　　Affects this Debtor. | Case No.: 22-10460-nmc<br>Chapter 11 |

| | |
|---|---|
| JOHN KINDT, individually and derivatively on behalf of Nevada Transportation, Inc., NTI-NV Inc.; NTI-CA Inc.; NTI-GROUNDTRANS Inc; and NTI-NY, Inc.; Apostrophe, Inc.; and Alcocer, Inc., <br><br> Plaintiff, <br> vs. <br><br> T.J. PANTALEO; JAMES GLEICH; MARC JACOBI; NATIONAL GROUND TRANSPORTATION, INC. and DOES I to XV, <br><br> Defendants. | Adversary Case No.: **22-01041-nmc** <br><br> **STIPULATION TO DISMISS ADVERSARY COMPLAINT WITHOUT PREJUDICE** |

John Kindt, James Gleich, Marc Jacobi, National Transportation, Inc., NTI-NV Inc., NTI-CA Inc., NTI-Ground Trans Inc., NTI-NY Inc., Aprostrophe, Inc. and Alcocer, Inc., by and through their undersigned counsel, hereby stipulate that the above-captioned matter shall be dismissed *without prejudice*, each party to bear his/its own costs and attorneys' fees.

**IT IS SO STIPULATED AND AGREED.**

DATED this __th day of _____, 2022.

McDONALD CARANO LLP

DAVID J. WINTERTON & ASSOCIATES, LTD.

By: */s/ Ryan J. Works*
    Ryan J. Works, Esq. (NSBN 9224)
    Amanda M. Perach, Esq. (NSBN 12399)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    rworks@mcdonaldcarano.com
    aperach@mcdonaldcarano.com

    *Attorneys for John Kindt*

JOHNSON & GUBLER, P.C.

By: */s/ Matthew L Johnson*
    Matthew L. Johnson, Esq. (NSBN 6004)
    8831 W. Sahara Avenue
    Las Vegas, Nevada 89117
    mjohnson@mjohnsonlaw.com

    *Counsel for Jim Gleich*

By: */s/ David Winterton*
    David J. Winterton, Esq. (NSBN 4142)
    7881 W. Charleston Blvd., Suite 220
    Las Vegas, Nevada 89117
    david@davidwinterton.com

    *Proposed Counsel for NTI-NV*

**EXHIBIT D**

**STIPULATION TO DISMISS CHAPTER 11 BANKRUPTCY CASES**

## EXHIBIT D

Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

James E. Whitmire, Esq. (NSBN 6533)
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89134
Telephone: (702) 948-8771
jwhitmire@santoronevada.com

*Attorneys for John Kindt*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>NATIONAL TRANSPORTATION INC.,<br><br>☒    Affects this Debtor. | **Lead Case:**<br><br>Case No.: 22-10456-nmc<br>Chapter 11<br><br>**STIPULATION TO DISMISS CHAPTER 11 BANKRUPTCY CASES OF NATIONAL TRANSPORTATION INC., NTI GROUND TRANS INC. and NTI-CA INC.** |
| In re:<br><br>NTI GROUND TRANS INC.,<br><br>☒    Affects this Debtor. | **Jointly Administered with:**<br><br>Case No.: 22-10458-nmc<br>Chapter 11 |
| In re:<br><br>NTI-CA INC.,<br><br>☒    Affects this Debtor. | Case No.: 22-10459-nmc<br>Chapter 11 |
| In re:<br><br>NTI-NV INC.,<br><br>☒    Affects this Debtor. | Case No.: 22-10460-nmc<br>Chapter 11 |

National Transportation Inc. ("National Transportation"), NTI Ground Trans Inc. ("NTI-Ground"), NTI-CA Inc. ("NTI-CA") and NTI-NV Inc. ("NTI-NV") (collectively "Debtors"), John Kindt ("Kindt") and Jim Gleich ("Gleich"), individually and on behalf of their respective entities, by and through their undersigned counsel of record, hereby stipulate that the Chapter 11 Bankruptcy Cases of National Transportation, NTI-CA and NTI-Ground shall be dismissed *without prejudice*. The cases will then no longer need to be jointly administered and the NTI-NV Inc. bankruptcy will remain the same for sole debtor NTI-NV, Inc. to remain in bankruptcy.

**IT IS SO STIPULATED AND AGREED.**

DATED this __th day of _____, 2022.

McDONALD CARANO LLP

By: */s/ Ryan J. Works*
    Ryan J. Works, Esq. (NSBN 9224)
    Amanda M. Perach, Esq. (NSBN 12399)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    rworks@mcdonaldcarano.com
    aperach@mcdonaldcarano.com

    *Attorneys for John Kindt*

DAVID J. WINTERTON &
ASSOCIATES, LTD.

By: */s/ David Winterton*
    David J. Winterton, Esq. (NSBN 4142)
    7881 W. Charleston Blvd., Suite 220
    Las Vegas, Nevada 89117
    david@davidwinterton.com

    *Proposed Counsel for NTI-NV*

JOHNSON & GUBLER, P.C.

By: */s/ Matthew L Johnson*
    Matthew L. Johnson, Esq. (NSBN 6004)
    8831 W. Sahara Avenue
    Las Vegas, Nevada 89117
    mjohnson@mjohnsonlaw.com

    *Counsel for Jim Gleich*